UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. _____

| | |
|---|---|
| Fifty-Six Hope Road Music Limited, a Bahamian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Richard Booker, an individual, Bob Marley Movement of Jah People, Inc., a Florida corporation, and The Bob Marley Heritage Corporation, a Florida corporation,<br><br>Defendants. | **PLAINTIFF FIFTY-SIX HOPE ROAD MUSIC LIMITED'S COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, CANCELLATION OF TRADEMARK REGISTRATION, UNAUTHORIZED PUBLICATION OF NAME AND LIKENESS, AND COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fifty-Six Hope Road Music Limited ("Plaintiff"), by and through its undersigned counsel, for its complaint against defendants Richard Booker ("Booker"), Bob Marley Movement of Jah People, Inc. ("BMM"), and the Bob Marley Heritage Foundation ("BMHF") (collectively, "Defendants") hereby alleges:

## JURISDICTION

1. This action arises under the trademark and anti-dilution laws of the United States, 15 U.S.C. § 1051, et seq., the copyright laws of the United States, 17 U.S.C. § 101, et seq., and under Title 33, Chapter 540 of the Florida Statutes. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), and § 1367, 15 U.S.C. § 1121, and 17 U.S.C. § 501. This action arises under the laws of the United States.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and (c) in this case because, on information and belief, Defendants are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to property that is the subject of the action is situated in this District.

## PARTIES

3. Plaintiff is a Bahamian corporation with a principal place of business at Aquamarine House, Cable Beach, Nassau, Bahamas.

4. On information and belief, Booker is an individual residing in Miami, Florida.

5. On information and belief, BMM is a Florida corporation with a principal place of business at 12401 Vista Lane, Miami, Florida 33156.

6. On information and belief, BMHF is a Florida corporation with a principal place of business at 12401 Vista Lane, Miami, Florida 33156.

## PLAINTIFF AND ITS INTELLECTUAL PROPERTY RIGHTS

7. Robert Nesta Marley ("Bob Marley") was an undeniable superstar during his lifetime. His fame, and popularity has only increased since his premature death from cancer in 1981 at the age of 36. Today, Bob Marley is both the iconic figure of reggae music and an international legend.

8. Bob Marley was a Jamaican singer, songwriter, performer, and guitarist responsible for introducing the world to reggae music. Among his best known hits are a veritable litany of classic songs: "I Shot the Sheriff," "No Woman, No Cry," "Jamming," "Exodus," "Redemption Song," and "One Love." Marley's posthumously released record album, "Legend," is the biggest selling reggae album of all time, having sold more than 12 million records worldwide. Marley was inducted into the Rock and Roll Hall of Fame in 1994. Time Magazine chose Bob Marley's "Exodus" album as the greatest album of the 20th Century. In 2001, Marley was posthumously awarded the "Grammy Lifetime Achievement Award."

9. Plaintiff is composed of the widow and nine of the children of Bob Marley.

10. At all times relevant to this action, Plaintiff and its related entities have been the owner of intellectual property, including copyrights in certain photographs of Bob Marley and publicity rights for Bob Marley (the "Marley Intellectual Property"). These rights include the following:

- Rights in Bob Marley's identity, persona, name, and likeness;
- Bob Marley's right of publicity and registrations thereof in a number of states;
- Common law rights in the mark BOB MARLEY for a variety of goods and services, including, but not limited to, uses in association with music, entertainment, hospitality, and restaurants, and merchandise;
- U.S. Federal Trademark Registration No. 3,692,924 for the mark BOB MARLEY for restaurant services, namely, preparation and service of food and beverages for consumption in International Class 43;
- U.S. Federal Trademark Registration No. 3,612,800 for the mark MARLEY RESORT & SPA for hotel services, namely, serving food and drinks and providing temporary accommodations and lodging in International Class 43;
- U.S. Federal Trademark Registration No. 2,820,741 for the mark BOB MARLEY & THE WAILERS for, inter alia, series of sound and video recordings featuring music and downloadable sound and video recordings featuring music in International Class 9;
- Common law rights in the mark MARLEY for a variety of goods and services, including, but not limited to, uses in association with music, entertainment, hospitality, and merchandise;
- U.S. Federal Trademark Registration No. 1,866,146 for the mark TUFF GONG & Design, which features the likeness of Bob Marley, for, inter alia, musical sound recordings in International Class 9; and
- U.S. Copyright Registration No. VA-1693-729, Arthur Gorson Photograph No. 4.

True and correct copies of the above federal trademark registrations, which herein are referred to collectively as the "BOB MARLEY Marks," are attached hereto as **Exhibit A**. A copy of Plaintiff's Certificate of Registration of Reg. No. VA-1693-729 from the U.S. Copyright office is attached hereto as **Exhibit B.**

11. Plaintiff has spent substantial sums of money in acquiring, advertising, enforcing, and promoting the Marley Intellectual Property on various goods and services and in various forms of media throughout the United States and internationally. Plaintiff has licensed the Marley Intellectual Property to third parties for use on or in conjunction with a variety of goods and services, including, but not limited to, restaurant services, hotel services, music festivals, clothing, various types of merchandise, and other goods and services. Plaintiff's licensees are currently offering and selling a variety of goods and services using the Marley Intellectual Property throughout the United States.

12. Due to the world-renowned celebrity of Bob Marley during his life and posthumously, the significant sales of licensed merchandise and services, and the significant publicity relating to Bob Marley and the Marley Intellectual Property, among other things, the Marley Intellectual Property has become famous and highly distinctive throughout the United States.

## DEFENDANTS' ACTS AND INFRINGEMENTS

13. Defendants have made many unauthorized uses of the Marley Intellectual Property.

14. On September 21, 2007, Booker filed an application to register the mark MAMA MARLEY with the United States Patent & Trademark Office ("PTO") on an intent-to-use basis, Ser. No. 77/285,596, for the following goods and services:

- fish; fish and chips; fish cakes; fish croquettes; fish fillets; fish mousse; fish sausages; fish stock; seasoned fish, seafood, poultry and vegetables; smoked fish; snack dips; snack food dips; steamed cakes of smashed fish and yam (hampen); tuna fish; prepared entrees consisting primarily of meat, fish,

poultry or vegetables; prepared meals consisting primarily of meat, fish, poultry or vegetables; fish, seafood, poultry and vegetable croquettes; fish, seafood, poultry and vegetable souffles; coconut oil; coconut powder; flaked coconut in International Class 29;

- noncarbonated caloric and low calorie coffee in International Class 30;
- distilled drinking water; drinking water; energy drinks; fruit drinks; fruit flavored soft drinks; fruit-based soft drinks flavored with tea; guarana drinks; pop; soft drinks; soft drinks flavored with tea; soft drinks, namely, carbonated and noncarbonated caloric and low calorie cola, fruit flavored, tea infused soft drinks; sports drinks; coconut milk; coconut water; coffee flavored soft drinks in International Class 32;
- hotel, bar and restaurant services; resort hotels in International Class 43; and
- hotel concierge services in International Class 45.

15. On August 20, 2008, Plaintiff filed a notice of opposition with the Trademark Trial and Appeal Board ("TTAB") opposing registration of Booker's MAMA MARLEY mark ("the Opposition") on the grounds that the MAMA MARLEY mark was likely to be confused with or dilute certain of Plaintiff's trademarks, including Plaintiff's BOB MARLEY, MARLEY and MARLEY RESORT & SPA marks. The Opposition was assigned Opposition No. 91-186104. A true and correct copy of Plaintiff's notice of opposition is attached hereto as **Exhibit C**.

16. Plaintiff is of information and belief that Booker operates a restaurant named "Mama Marley's" in Jamaica and that he advertises this business in the United States.

17. The Opposition has been pending before the TTAB since August 20, 2008. Although Plaintiff has sought to come to an informal resolution with Booker regarding his use and/or intended use and registration of the MAMA MARLEY mark, the parties have been unable to come to a resolution satisfactory to both parties.

18. Booker also filed intent-to-use applications to register the trademarks NINE MILE for various food and beverage products in International Classes 5, 29, 30, and 32 (Ser. No. 85/391,108) and 9 MILE for certain alcoholic spirits in International Class 33 (Ser. 85/276,017). Booker has also filed an application to register and obtained a registration of 9 MILE MUSIC FESTIVAL in International Class 41 (Reg. No. 4,005,582). Hereafter, the NINE MILE, 9 MILE, and 9 MILE MUSIC FESTIVAL are herein referred to as the "NINE MILE Marks." The reference to Nine Mile is to a region in Jamaica where Bob Marley is buried, and is well-known for that association with Bob Marley. In support of Booker's application to register 9 MILE MUSIC FESTIVAL, Booker submitted a specimen allegedly showing use of the 9 MILE MUSIC FESTIVAL mark in commerce for the services recited in the application. A true and correct copy of that specimen of use is attached hereto as **Exhibit D**.

19. Plaintiff is of information and belief that Defendants conduct tours of Nine Mile, in conjunction with which they use the Marley Intellectual Property, and that they advertise those tours in the United States.

20. Defendants have also used Bob Marley's name – alone, in their corporate names, and as part of the marks BOB MARLEY MOVEMENT and BOB MARLEY MOVEMENT OF JAH PEOPLE (collectively, "the BOB MARLEY MOVEMENT Marks") – and likeness in commerce for certain goods and services, including, but not limited to, promotion of an annual music festival in Miami, Florida ("Music Festival"). Plaintiff is also of information and belief that Defendants own and operate the website featured on the domain name <<www.bobmarleymovement.com>> ("Domain Name"). On March 2, 2009, Plaintiff sent Defendants a letter demanding that they cease use of Bob Marley's name and likeness to promote the Music Festival and as part of the Domain Name, among other things. Defendants never responded to the letter. Thereafter, and following extensive settlement talks regarding the MAMA MARLEY mark and the Opposition proceeding, Plaintiff, on November 4, 2011, sent Defendants a follow-up letter regarding Defendants' unauthorized of the BOB MARLEY MOVEMENT Marks and the Opposition, attaching to it Plaintiff's previous March 2, 2009

letter. A true and correct copy of Plaintiff's November 4, 2011 letter is attached hereto as **Exhibit E**.

21.  Plaintiff has continued to object to Defendants' unauthorized and unjustified use of the Marley Intellectual Property. Defendants have agreed to enter into a license agreement to use the Marley Intellectual Property, then reneged on that agreement. Defendants' use continues unabated and, in fact, has increased in scope and, upon information and belief, expanded to other goods and services. For example, Defendants refer to the Music Festival as "Marley Fest" on their website on the Domain Name and in a commercial which, upon information and belief, Defendants produced to promote the Music Festival. The commercial can be viewed on the following website, http://vimeo.com/groups/eventfilmmaker/videos/21737622, and a printout of this website is attached hereto as **Exhibit F**. Defendants issued a press release promoting the Music Festival with the headline "All For the Love of Bob Marley," a true and correct copy of which is attached hereto as **Exhibit G**.

## FIRST CAUSE OF ACTION
### (False Designation of Origin – 15 U.S.C. § 1125(a))

22.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21, above, as though fully set forth herein.

23.  Defendants' actions as alleged herein constitute a false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

24.  Defendants' unauthorized use of Bob Marley's identity and persona, including his name and likeness, and/or each of the MAMA MARLEY mark, BOB MARLEY MOVEMENT Marks, and NINE MILE Marks constitutes a false designation of origin and a false description or representation that wrongfully and falsely designates the products and services offered thereunder as originating from Plaintiff and/or Bob Marley, or being associated, affiliated or connected with or approved or sponsored by Plaintiff and/or Bob Marley.

25.  As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademarks, business

reputation, and goodwill. Defendants will continue to use, unless restrained, Bob Marley's identity and persona, including his name and likeness, and the MAMA MARLEY mark, BOB MARLEY MOVEMENT Marks, and NINE MILE Marks or other marks, names, logos, slogans, or the like confusingly similar to Bob Marley's identity and persona or the BOB MARLEY Marks, and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, as applicable, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin, affiliation or sponsorship.

26. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained and/or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to sustain by reason of Defendants' acts of false designation of origin, affiliation or endorsement.

27. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin, affiliation or endorsement.

28. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117 and destruction of any products or promotional materials bearing Bob Marley's identity and persona, including his name and likeness, and/or the MAMA MARLEY mark, BOB MARLEY MOVEMENT Marks, and NINE MILE Marks under 15 U.S.C. § 1118.

29. Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. § 1114 and Common Law)

30. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through

29, above, as though fully set forth herein.

31. Defendants have used in commerce, without Plaintiff's permission, the MAMA MARLEY mark and BOB MARLEY MOVEMENT Marks in a manner that is likely to cause confusion with respect to the source and origin of the goods and services offered or advertised thereunder and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship, or association of Plaintiff with Defendants and/or their products and services.

32. Defendants' acts constitute infringement of the BOB MARLEY Marks in violation of the common law and under 15 U.S.C. § 1114.

33. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its trademark, business reputation, and goodwill. Defendants will continue to use, unless restrained, the MAMA MARLEY mark and the BOB MARLEY MOVEMENT Marks or marks confusingly similar to the BOB MARLEY Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendants, their officers, agents, and employees, as applicable, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

34. Plaintiff is further entitled to recover from Defendants the actual damages that they sustained and/or are likely to sustain as a result of their wrongful acts.

35. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts.

36. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### (Dilution--15 U.S.C.§ 1125(c))

37. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through

36, above, as though fully set forth herein.

38.     Plaintiff has used the BOB MARLEY and BOB MARLEY & THE WAILERS marks to identify music and entertainment services before Defendants began promoting and selling goods and services under, or otherwise using, the MAMA MARLEY mark and the BOB MARLEY MOVEMENT Marks.  The BOB MARLEY and BOB MARLEY & THE WAILERS marks are inherently distinctive and have acquired distinction through Plaintiff's extensive, continuous, and exclusive use of them.

39.     The BOB MARLEY and BOB MARLEY & THE WAILERS marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127, and were famous before Defendants' first use of the MAMA MARLEY mark and the BOB MARLEY MOVEMENT Marks.

40.     Defendants' use of the MAMA MARLEY mark and the BOB MARLEY MOVEMENT Marks are likely to dilute the distinctive quality of Plaintiff's BOB MARLEY and BOB MARLEY & THE WAILERS marks in violation of 15 U.S.C. § 1125(c).

41.     Defendants' acts complained of herein are likely to damage Plaintiff irreparably. Plaintiff has no adequate remedy at law for such wrongs and injuries.  The damage to Plaintiff includes harm to its trademarks, goodwill, and reputation that money cannot compensate. Plaintiff is, therefore, entitled to a preliminary and permanent injunction enjoining Defendants' use of the BOB MARLEY, BOB MARLEY & THE WAILERS, MAMA MARLEY, and BOB MARLEY MOVEMENT Marks, or any marks confusingly similar thereto or dilutive thereof in connection with the promotion, advertisement and sale of any goods by Defendants.

42.     Plaintiff is further entitled to recover from Defendants its actual damages sustained by Plaintiff as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of dilution.

43.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts.  Plaintiff is presently

unable to ascertain the extent of the gains, profits and advantages Defendants have realized by reason of Defendants' willful acts of dilution.

44.     Because of the willful nature of Defendants' actions, Plaintiff is entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

## FOURTH CAUSE OF ACTION
### (Petition for Cancellation of Trademark Registration)

45.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 44, above, as though fully set forth herein.

46.     This is a claim for cancellation of U.S. Registration No. 4,005,582 of 9 MILE MUSIC FESTIVAL and bar of registration of Serial No. 77/285,596 of MAMA MARLEY, Serial No. 85/391,108 of NINE MILE, and Serial No. 85/276,017 of 9 MILE under 15 U.S.C. §§ 1051 *et seq.*

47.     On December 13, 2010, Booker filed an application for the mark 9 MILE MUSIC FESTIVAL for "arranging and conducting of concerts; concert booking; entertainment in the nature of live stage performances in the nature of music or lecture for hire in the field of music by an individual; entertainment, namely, live music concerts; provision of information relating to live performances, road shows, live stage events, theatrical performances, live music concerts and audience participation in such events" pursuant to Section 1(a) of the Trademark Act based on use in commerce of the alleged mark in connection with the above goods in International Class 41 ("the 9 MILE MUSIC FESTIVAL Registration"). The 9 MILE MUSIC FESTIVAL Registration was thereafter registered on August 2, 2011.

48.     As set forth in Paragraph 14 above, on September 21, 2007, Booker filed an application to register MAMA MARLEY for various goods and services pursuant to Section 1(b) of the Trademark Act based on an intent to use the alleged mark with the goods recited in the application, which was assigned Serial No. 77/285,596.

49.     On August 5, 2011, Booker filed an application to register NINE MILE for: herb teas for medicinal purposes in International Class 5; jellies and jams in International Class 29;

baking spices, cocoa, coffee and tea, coffee based beverages, coffee beans, spice blends, spice rubs, spices, tea bags, tea for infusions in International Class 30; and coconut juice, coconut milk, coconut water, fruit beverages in International Class 32, pursuant to Section 1(b) of the Trademark Act based on an intent to use the alleged mark with the above goods, which was assigned Serial No. 85/391,108.

50. On August 5, 2011, Booker filed an application to register 9 MILE for distilled spirits, liquor and liqueur beverages, namely, rum, and spirits in International Class 33 pursuant to Section 1(b) of the Trademark Act based on an intent to use the alleged mark with the above goods, which was assigned Serial No. 85/276,017.

51. Plaintiff believes it is being damaged by the continued registration of the 9 MILE MUSIC FESTIVAL Registration and will be damaged by the registration of MAMA MARLEY, NINE MILE, and 9 MILE, and hereby petitions to cancel and bar registration of the marks, respectively, for the reasons alleged herein.

52. Plaintiff has rights to BOB MARLEY, BOB MARLEY & THE WAILERS, and MARLEY RESORT & SPA that are prior to Booker's alleged rights in the MAMA MARLEY mark. The MAMA MARLEY mark is confusingly similar to Plaintiff's BOB MARLEY, BOB MARLEY & THE WAILERS, MARLEY, and MARLEY RESORT & SPA marks. The MAMA MARLEY mark also falsely suggests a connection with Bob Marley in violation of 15 U.S.C. § 1052(a).

53. Bob Marley is famously from a region in Jamaica known as Nine Mile, and was laid to rest at a mausoleum in Nine Mile. Consequently, Bob Marley is closely associated with the region and term "Nine Mile." Booker's specimen of use submitted in support of the 9 MILE MUSIC FESTIVAL Registration (and attached as **Exhibit D**) makes significant and repeated use of Bob Marley's name, the BOB MARLEY MOVEMENT Marks, and song and album titles of Bob Marley's.

54. Booker's 9 MILE Marks falsely suggest a connection with Bob Marley in violation of 15 U.S.C. § 1052(a).

55. Plaintiff requests that the 9 MILE MUSIC FESTIVAL Registration be canceled, and the applications to register MAMA MARLEY, NINE MILE, and 9 MILE be barred.

## FIFTH CAUSE OF ACTION

### (Unauthorized Publication of Name and Likeness – Fla. Stat. § 540.08 and Common Law)

56. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 55, above, as though fully set forth herein.

57. As set forth above, Plaintiff owns all rights and interest in Bob Marley's right of publicity, including all rights in his name and likeness.

58. Upon information and belief, Defendants have published, printed, displayed or otherwise publicly used for purposes of trade or for any commercial or advertising purpose Bob Marley's name, portrait, photograph, or other likeness without obtaining Plaintiff's express written or oral consent to such use.

59. Defendants' acts complained of herein are likely to damage Plaintiff irreparably. Plaintiff has no adequate remedy at law for such wrongs and injuries. The damage to Plaintiff includes harm to its goodwill and reputation that money cannot compensate. Plaintiff is, therefore, entitled to a preliminary and permanent injunction enjoining Defendants' use of Bob Marley's name, portrait, photograph, or other likeness.

60. Plaintiff is further entitled to recover from Defendants its actual damages sustained by Plaintiff as a result of Defendants' wrongful acts in accordance with Fla. Stat. §540.08(2). Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' wrongful acts.

61. Plaintiff is further entitled to recover from Defendants punitive or exemplary damages by reason of Defendants' wrongful acts and to deter Defendants from similar wrongful acts in the future.

## SIXTH CAUSE OF ACTION

### (Copyright Infringement)

62. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through

61, above, as though fully set forth herein.

63.     The photographs that are the subject of Plaintiff's copyright registration ("Photographs") are original works of authorship and are copyrightable subject matter under the laws of the United States. The Photographs were fixed in a tangible medium by development of the photographs and/or uploading to a hard drive.

64.     Plaintiff is the copyright owner of the Photographs. At all times relevant to the complaint, Plaintiff is and has been the sole and exclusive authorized licensor of the Photographs in the United States in connection with the issuance of licenses for use of the Photographs in conjunction with goods and services of any kind.

65.     Defendants had access to the Photographs because the Photographs are well known and previously published, and have been digitally proliferated over the internet such that they are or have been available to members of the general public.

66.     Defendants have violated Plaintiff's exclusive rights in and to the Photographs by unlawfully using, reproducing, and distributing certain of them on their website on the Domain Name and, on information and belief, in conjunction with other promotional activities.

67.     Upon information and belief, Defendants were at all material times aware that their use of certain of the Photographs, in the absence of Plaintiff's permission or a valid license agreement, would constitute copyright infringement. Defendants were never granted any permission or license to use any of the Photographs.

68.     Plaintiff is informed and believes and on that basis alleges that Defendants had full knowledge that their acts are wrongful and unlawful and have continued to infringe Plaintiff's copyrights in the Photographs, throughout the United States and various other territories of the world. Defendants' respective infringing acts were and continue to be committed willfully.

69.     By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, and is entitled, at its election, to either (a) all damages suffered by Plaintiff, along with all gains, profits and advantages derived by Defendants from the acts of infringement,

plus exemplary and punitive damages in amounts to be proven at trial, or (b) statutory damages as provided for in the Copyright Act of the United States.

70. Plaintiff is also entitled to attorneys' fees under the Copyright Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants as follows:

1. Finding that Defendants have violated 15 U.S.C. § 1125(a) and the common law, have infringed the BOB MARLEY Marks under the common law and 15 U.S.C. § 1114, have violated 15 U.S.C. § 1125(c)(1), have violated Fla. Stat. § 540.08 and the common law by using, without authorization, Bob Marley's name and likeness, and have infringed Plaintiff's copyrights in the Photographs under 17 U.S.C. § 101, et seq.;

2. Ordering that Defendants and, as applicable, their officers, agents, servants, directors, employees, servants, partners, representative, assigns, successors, related companies, and attorneys and all persons in active concert or participation with Defendants or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

(a) Using, promoting, advertising, publicizing, distributing, and posting any of the Marley Intellectual Property for any other goods or services, or any other mark, name, symbol, or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants, the Music Festival, or any other goods or services offered by Defendants are sponsored, licensed, or endorsed by Plaintiff, are authorized by Plaintiff, or are connected or affiliated in some way with Plaintiff or Bob Marley;

(b) Using, promoting, advertising, publicizing, distributing, and posting any of the Marley Intellectual Property or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the BOB MARLEY Marks for any other goods or services;

(c) Falsely implying Plaintiff's endorsement of Defendants' business activities or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with or injuring the Marley Intellectual Property or, as applicable, the goodwill associated therewith;

(d) Engaging in any act which is likely to dilute the distinctive quality of the BOB MARLEY and BOB MARLEY & THE WAILERS marks and/or injures Plaintiff's business reputation;

(e) Publishing, printing, displaying or otherwise publicly using for purposes of trade or for any commercial or advertising purpose Bob Marley's name, portrait, photograph, or other likeness without obtaining Plaintiff's express written or oral consent to such use;

(f) Representing or implying that Defendants are in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

(g) Copying, distributing, displaying, featuring, or using the Photographs or any other copyrightable subject matter owned by Plaintiff, or any works substantially similar thereto, or engaging in any act in violation of Plaintiff's copyrights; or

(h) Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (g) above.

3. Ordering that Plaintiff is the exclusive owner of the BOB MARLEY Marks and that such marks are valid and protectable;

4. Ordering that Plaintiff is the exclusive owner of rights in Bob Marley's identity and persona;

5. Ordering that Defendants be required to deliver to Plaintiff for destruction all products, hangtags, advertisements, marketing materials, promotional artwork, and the like which bear the MAMA MARLEY mark, BOB MARLEY MOVEMENT Marks, or NINE MILE Marks, manifestations of Bob Marley's identity and persona, copyrighted photographs of Bob

Marley, or any other trademarks, names, images logo, trade dress, or packaging that are confusingly or substantially similar to the BOB MARLEY Marks;

6. Ordering the PTO to cancel U.S. Registration No. 4,005,582 of 9 MILE MUSIC FESTIVAL and bar registration of Serial No. 77/285,596 of MAMA MARLEY, Serial No. 85/391,108 of NINE MILE, and Serial No. 85/276,017 of 9 MILE

7. Granting an award of damages suffered by Plaintiff according to proof at the time of trial;

8. Ordering that Defendants account to Plaintiff for any and all profits earned as a result of Defendants' acts of infringement in violation of Plaintiff's rights under the Lanham Act, the common law, and the Copyright Act;

9. Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

10. Granting an award of punitive or exemplary damages;

11. Granting an award of statutory damages under the Copyright Act;

12. For pre-judgment interest on any recovery by Plaintiff;

13. Granting an award of Plaintiff's costs, expenses, and reasonable attorney's fees; and

14. Granting such other and further relief as is just and proper.

Respectfully submitted,

Dated: November 30, 2011

By: /s/ B. G. Hermelee

Bruce G. Hermelee (Fl. Bar No. 133894)
Hermelee & Geffin, LLC
Tower 101
101 NE 3rd Avenue, Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954)764-4445
Facsimile: (954)764-4989
bhermelee@hermeleegeffin.com

*Attorneys for Plaintiff Fifty-Six Hope Road Music Limited.*

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable by jury.

Respectfully submitted,

Dated: November 30, 2011

By: /s/ Bruce C. Hermelee

Bruce G. Hermelee (Fl. Bar No. 133894)
Hermelee & Geffin, LLC
Tower 101
101 NE 3rd Avenue, Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954)764-4445
Facsimile: (954)764-4989
bhermelee@hermeleegeffin.com

*Attorneys for Plaintiff Fifty-Six Hope Road Music Limited.*

301063880.2